1  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
2  ALISA A. GIVENTAL (State Bar No. 273551)
   aag@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  595 Market Street, Suite 2600
   San Francisco, California 94105
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant
7  SPECIALIZED LOAN SERVICING, LLC.

8

9              UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

11

| MARK PETERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, LLC, a limited liability company, AFFINIA DEFAULT SERVICES, LLC, a limited liability company, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>State Court Case No. CU23-02247<br><br>**DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1446 [FEDERAL QUESTION AND DIVERSITY JURISDICTION]** |
|---|---|

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND ALL PARTIES TO THIS ACTION:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. section 1446, defendant Specialized Loan Servicing, LLC ("SLS") removes this action from the Superior Court of California, County of Solano to this Court.

**I. STATE COURT ACTION AND SERVICE**

1.   On June 28, 2023, the complaint in Case No. CU23-2247, entitled as captioned above, was filed in the Superior Court of the State of California, County of Solano (the "State Court Action").

2.   In the Complaint plaintiff Mark Peters ("Plaintiff") asserts six claims against SLS:

1  (1) violation of the Federal Truth in Lending Act; (2) Breach of Implied Covenants; (3) violation

2  of the Fair Debt Collection Practices Act; (4) violation of 12 C.F.R. 1026.41; (5) violation of

3  California Business and Professions Code, section 17200, et seq.; and (6) Declaratory Relief.

4       3.     The Complaint and was served on SLS on July 12, 2023. A true and correct copy of

5  the Complaint, together with all other documents served on SLS, is attached hereto as **Exhibit A**.

6  SLS has no other documents filed in the State Court Action in its possession and is aware of no

7  other documents having been filed.

## II. FEDERAL QUESTION JURISDICTION

9       4.     This is a civil action over which this Court has original jurisdiction pursuant to 28

10  U.S.C. § 1331 (governing federal question jurisdiction). The State Court Action is removable

11  pursuant to 28 U.S.C. § 1441(a) because it arises under the Federal Truth and Lending Act, 15

12  U.S.C. § 1638; Regulation Z, 12 C.F.R. §§ 1025.41, 1024.41, 1026.41; and the Fair Debt

13  Collection Practices Act, 15 U.S.C. 1692 *et seq.* Complaint ¶¶ 23-24, 35-36, 42-43.

14       5.     This Court has supplemental jurisdiction over the remaining claims listed in

15  Plaintiff's complaint, which purport to be grounded in state law. 28 U.S.C. §§ 1367(a) and

16  1441(c).

## III. DIVERSITY JURISDICTION

18       6.     This is a civil action over which this Court has original jurisdiction also pursuant to

19  28 U.S.C. § 1332(a) (governing diversity of citizenship). The State Court Action is removable

20  pursuant to 28 U.S.C. § 1441(b) because the plaintiff and the defendants are each citizens of

21  different states, and the matter in controversy exceeds the sum or value of $75,000.

22       **A.**     **Plaintiff and Defendants Are Citizens of Different States**

23       7.     Plaintiff is a resident of the State of California, residing at 1615 Saint Francis

24  Court, Benicia CA 94510 ("Property"). Complaint ¶ 14.

25       8.     For purposes of establishing subject matter jurisdiction, a limited liability company

26  "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia*

27  *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

28       9.     SLS is a limited liability company organized in the State of Delaware, with its

1 principal place of business in Highland Ranch, Colorado. SLS is wholly owned by Specialized

2 Loan Servicing Holdings LLC, which is wholly owned by Computershare Limited.

3 Computershare Limited is incorporated in Australia, with its principal place of business in

4 Australia, and its shares are publicly traded on the Australian Securities Exchange. A "corporation

5 shall be deemed a citizen of any State by which it has been incorporated and of the State where it

6 has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Thus, SLS is a citizen of Delaware

7 (its state of organization), Colorado (the state in which its headquarters are located), and Australia

8 (the country in which the owner resides).

9    10.   Defendant Affinia Default Services, LLC ("Affinia") is a Florida limited liability

10 company and all of its members are citizens of Maitland, Florida. As the trustee under the deed of

11 trust, Affinia is also a nominal party to the action. The presence of a nominal party cannot "defeat

12 removal on diversity grounds." *Strotek Corp. v. Air Transp. Ass'n*, 300 F.3d 1129, 1132 (9th Cir.

13 2002). A nominal defendant is one, such as a trustee or agent, who "has no legitimate claim

14 to the disputed property" such that "it is unnecessary to obtain subject matter jurisdiction over"

15 that defendant. *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).

16                **B.   Amount in Controversy Exceeds $75,000**

17    11.   "In actions seeking declaratory or injunctive relief, it is well established that the

18 amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash.*

19 *State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977). In actions seeking to enjoin residential

20 foreclosures, the amount in controversy may be based on the outstanding amount of the loan or

21 the value of the property. *See Harvey v. Bank of Am., N.A.*, 906 F.Supp.2d 982, 988, fn.2 (C.D.

22 Cal. 2012) ("The object of this litigation is either Plaintiff's . . . residence, which likely is worth

23 more than the jurisdictional amount of $75,000, or the amount owing under the [notice of default],

24 which is $75,526.38. [Citation.] Either way, the amended complaint places the required amount in

25 controversy."). Attorneys' fees may be included in the amount in controversy if recoverable by

26 statute or contract. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002).

27    12.   Here, Plaintiff contends that he entered into a $150,000 loan on which he is being

28 improperly charged over $100,000 in interest, and seeks to stop the pending foreclosure sale of the

Property securing his loan, establish that the improperly charged interest is not owed, and recover actual and compensatory damages twice the amount of the interest charges, damages for the imminent loss of the Property, emotional distress damages, restitution, disgorgement, civil penalties, attorneys' fees, and costs. Complaint ¶¶ 15, 21, 27, 33, 40, 44, 50, 53, and Prayer for Damages ¶¶ 1-6. The interest charges Plaintiff seeks to invalidate alone meets the jurisdictional amount.

## IV. TIMELINESS

13. This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because SLS was served on July 12, 2023.

## OTHER PERTINENT INFORMATION

14. Pursuant to 28 U.S.C. § 1446(a), SLS files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending. As such, this case is being removed to the United States District Court for the Eastern District of California, Sacramento Division, because the State Court Action is pending in Solano County. *See* 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its attachments will promptly be served on Plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Solano County Superior Court.

16. This Notice of Removal is signed by counsel for SLS pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, SLS hereby removes Solano County Superior Court Case No. CU23-2247 to the United States District Court for the Eastern District of California.

DATED: August 11, 2023         SEVERSON & WERSON
                               A Professional Corporation

                               By:   */s/ Alisa A. Givental*
                                     ALISA A. GIVENTAL

                               Attorneys for Defendant SPECIALIZED LOAN
                               SERVICING, LLC.